**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

DONALD DORNON,  )
 )
           Plaintiff,  )  **CIVIL ACTION**
 )
v.  )  No. 10-1269-MLB
 )
JOHN SHIRLEY, et al.,  )
 )
           Defendants.  )
 )

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion to dismiss. (Doc. 16)[1]. The motion has been fully briefed and is ripe for decision. (Docs. 14, 15, 17, 18).[2] Defendants' motion is granted for the reasons herein.

**I. Facts**

Plaintiff is a resident of Scott City, Kansas. Defendant John Shirley is the city attorney for Scott City and the remaining defendants are all city council members. On June 21, 2010, the city council passed an ordinance which restricts residents from parking vehicles on the front or side yard of a property unless it is an improved surface. (Doc. 17, exh. 1). A violation the ordinance is a class C violation. An individual can be issued a citation for the violation on each calendar day.

Plaintiff filed this action against defendants alleging that the

---

[1] Initially, defense counsel filed a motion to dismiss on behalf of defendant Shirley. (Doc. 9). Subsequently, defense counsel resubmitted the motion on behalf of all defendants. (Doc. 16). The motions are otherwise identical.

[2] Defendants notified the court that they will not file a reply.

ordinance violates his and other Scott City residents' Fourth Amendment rights because it prevents them from placing their vehicles on a surface of their real property.  Plaintiff also contends that a violation of the ordinance would result in an illegal seizure if the property is removed.  Finally, plaintiff alleges that the double jeopardy clause is violated because the ordinance allows for a separate offense on each day a vehicle is parked on an unimproved surface.

Defendants moved to dismiss plaintiff's complaint on the basis that plaintiff lacks standing and, alternatively, that defendants are entitled to either legislative or qualified immunity.

**II.   Pro Se Status**

Plaintiff is proceeding in this case pro se.  It has long been the rule that pro se pleadings, including complaints and pleadings, must be liberally construed.  See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998).  This rule requires the court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction.  See Hall, 935 F.2d at 1110.  Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant. See id.  Plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district.  See id.; Hill, 14 F. Supp.2d at 1237.  Additionally, the court need not accept as true plaintiff's conclusory allegations because no special legal training is required to recount the facts surrounding alleged injuries.  See Hill, 14 F.

Supp.2d at 1237.  Thus, the court is required to accept as true only plaintiff's well-pleaded and supported factual contentions.  See id.

**III. Analysis**

The court is required to address the jurisdictional question of standing prior to the immunity issues presented by counsel.  Plaintiff must have standing to invoke the power of the federal court.  See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Morgan v. McCotter, 365 F.3d 882, 887 (10th Cir. 2004).

In order to establish that plaintiff has standing, he must meet the following elements:

> (1) injury in fact, by which we mean an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct, by which we mean that the injury fairly can be traced to the challenged action of the defendant, and has not resulted from the independent action of some third party not before the court; and (3) a likelihood that the injury will be redressed by a favorable decision, by which we mean that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative.

Day v. Bond, 500 F.3d 1127, 1132 (10th Cir. 2007)(citing Ne. Fla. Chapter of Assoc. Gen. Contractors v. City of Jacksonville, 508 U.S. 656, 663,(1993) (quotations, citations, and punctuation omitted).  The burden falls on plaintiff to establish standing.  Bd. of Cnty. Comm'rs of Sweetwater Cnty. v. Geringer, 297 F.3d 1108, 1112 (10th Cir. 2002).

Turning to the first element and reading the complaint liberally, plaintiff's allegations fail to state any injury he has suffered due to Scott City's ordinance.  Plaintiff's response claims that "he has suffered injury in fact.  He lives under the threat or loss of his personal property.  [He] faces Jail time and fines that

-3-

[] with everyday faceing [sic] Double Jeopardy Punishment." (Doc. 15 at 2). Plaintiff's response appears to infer that there is an imminent threat that he will be subject to the fines and punishment for violating the ordinance. Plaintiff, however, has not alleged any facts in his complaint which would support a finding that a threat is imminent. In Doctor John's Inc. v. City of Roy, 465 F.3d 1150, 1156 (10th Cir. 2006), the plaintiff filed suit against the defendant to prohibit the enforcement of an ordinance that would clearly apply to his business. The circuit found that the plaintiff had standing as the facts in evidence supported a finding that the ordinance would apply to plaintiff's business and he would eventually be forced to comply or face legal action for non-compliance.

Plaintiff has merely raised "only a generally available grievance about government - claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large - does not state an Article III case or controversy." Lujan, 504 U.S. at 573-74. Plaintiff must demonstrate that he himself faces a real and immediate threat of future harm, not a conjectural or hypothetical threat. City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983). Without any allegation of facts to support a finding of an imminent threat, plaintiff does not have standing to bring this action in federal court.

**IV. Conclusion**

Therefore, defendants' motion to dismiss is granted. (Doc. 16).

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established.

-4-

A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this __22nd__ day of February 2011, at Wichita, Kansas.

>							s/ Monti Belot
>							Monti L. Belot
>							UNITED STATES DISTRICT JUDGE